281-07/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
DELTA SHIPHOLDING LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

JUDGE SCHEINDLIN

07 CIV 4087

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DELTA SHIPHOLDING LTD.,                          07 CIV.    (    )

              Plaintiff,                **VERIFIED COMPLAINT**

  -against-

PETROVIETNAM TRADING CO. (PETECHIM),

              Defendant.
-----------------------------------------------------------------x

RECEIVED MAY 25 2007 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff DELTA SHIPHOLDING LTD. (hereinafter "DELTA"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant PETROVIETNAM TRADING CO. (PETECHIM) (hereinafter "PETECHIM"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

      2.    At all times relevant hereto, DELTA was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH 96960.

NYDOCS1/283925.1

3. At all times relevant hereto, PETECHIM was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at 70A Ba Huyen Thanh Quan, Dist. 3, Ho Chi Minh City, Vietnam.

4. On or about March 30, 2007, DELTA, as owner of the vessel M/T AEGEAN TIGER, entered into a maritime contract on an amended ASBATANKVOY voyage charter party form with PETECHIM, as charterer, for the use and operation of that vessel.

5. The voyage charter party contract between DELTA and PETECHIM contemplated one charter trip for the carriage of crude oil cargoes from the load Port of Vungtau (Su Tu Den Terminal), Vietnam to one safe port between the Ningbo or Zhou Shan range, China.

6. DELTA duly tendered the vessel under the charter party agreement and the vessel commenced performance under the command and operation of PETECHIM.

7. Pursuant to the terms of the charter party contract between DELTA and PETECHIM, PETECHIM was obligated to pay DELTA the sum of $798,502.07, reflecting the freight due and owing for the subject voyage.

8. PETECHIM, in breach of the charter party contract with DELTA, did not pay freight in full. Instead, PETECHIM made a partial freight payment of only $405,073.22.

9. DELTA has met all of its obligations to PETECHIM pursuant to their charter party agreement.

10. PETECHIM has failed to pay freight fully, as required by the voyage charter party, and presently owes DELTA the sum of $393,428.85.

11. DELTA has made due demand for payment to PETECHIM in the sum of $393,428.85. PETECHIM, however, in breach of the charter party contract with DELTA, has refused or has otherwise failed to pay.

12. Pursuant to the terms of the charter party contract between DELTA and PETECHIM, all disputes are subject to London arbitration, with English law to apply. DELTA has commenced arbitration proceedings in London against PETECHIM and DELTA specifically reserves its right to arbitrate the merits of its dispute with PETECHIM pursuant to the terms of the charter party contract.

13. This action is brought in order to obtain security in favor of DELTA in respect to its claims against PETECHIM, including but not limited to interest plus DELTA's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under English law.

14. After investigation, Defendant PETECHIM cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

15. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by DELTA against PETECHIM includes:

(a) DELTA's claim for outstanding freight, which claim amounts to $393,428.85;

(b) Interest in the amount of $67,535.75, calculated on the above sum at the rate of 7% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(c) Legal fees, arbitrator fees and costs that will be incurred by DELTA in respect to the London arbitration which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $120,000.00.

16. Based upon the foregoing, the total amount DELTA seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$580,964.60.**

W H E R E F O R E, Plaintiff DELTA SHIPHOLDING LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant PETROVIETNAM TRADING CO. (PETECHIM), citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $393,428.85, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$580,964.60**, be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
May 25, 2007

                           FREEHILL HOGAN & MAHAR, LLP
                           Attorneys for Plaintiff
                           DELTA SHIPHOLDING LTD.

By: _____
     Don P. Murnane, Jr. (DM 3639)
     Manuel A. Molina (MM 1017)
     80 Pine Street
     New York, NY  10005

## ATTORNEY VERIFICATION

State of New York    )
                    ) ss.:
County of New York  )

DON P. MURNANE, JR., being duly sworn, deposes and says:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Don P. Murnane, Jr.

Sworn to before me this
24th day of May, 2007

_____
NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010